## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:

THE FRISCO TRADING COMPANY
HOMEOWNERS ASSOCIATION, a
Colorado non-profit corporation,

      *Plaintiff,*

v.

PHOENIX INSURANCE COMPANY, a
Connecticut corporation,

      *Defendant.*

---

## NOTICE OF REMOVAL

---

Defendant Phoenix Insurance Company, through its attorneys and pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C.COLO.L.Civ.R. 81.1, removes this civil action from the District Court, County of Summit, Colorado to the United States District Court for the District of Colorado. As grounds, Defendant states as follows:

1.      Phoenix Insurance Company is the Defendant in a civil action pending in the District Court, Summit County, Colorado and styled *The Frisco Trading Company Homeowners Association v. Phoenix Insurance Company,* Case No. 2025 CV 30063. A complete copy of the file from the Summit County District Court is attached as **Exhibits A-I.** Specifically, the state court civil cover sheet is **Exhibit A**, the Complaint and Jury Demand is **Exhibit B**, the Summons is **Exhibit C**, the Return of Service is **Exhibit D**, the register of actions is **Exhibit E**, Order re

1

Rule 121 Duty to Confer is **Exhibit F**, Order for Discovery Protocol  is **Exhibit G**, and Delay Reduction & E-Filing Order is **Exhibit H.**

2.      This Notice of Removal is timely filed under 28 U.S.C. § 1446(b), because it is filed within one year of the commencement of this action and within thirty days of the date on which this case first became removable.  Defendant was served with a copy of the Complaint on April 4, 2025.  *See* **Exhibit D.**    Accordingly, Defendant's thirty-day period for removal commenced on that date, with a corresponding deadline to remove of May 7, 2025.

3.      Plaintiff alleges the following claims for relief against Defendant: (1) breach of contract, (2) bad faith breach of insurance contract, and (3) violation of C.R.S. § 10-3-1115 and 1116.

### DIVERSITY OF CITIZENSHIP

4.      Pursuant to 28 U.S.C. § 1332(a), "the citizenship of all defendants must be different from the citizenship of all plaintiffs."  *McPhail v. Deere & Co*., 529 F.3d 947, 951 (10th Cir. 2008).

5.      "For purposes of federal jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006) (internal citations omitted).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.

6.      As alleged in the Complaint, Plaintiff is a Colorado non-profit corporation with its principal place of business in Colorado, **Exhibit B, ¶**1.  "Frisco is engaged in the business of maintaining, preserving, and controlling real property located at 400 West Main Street, Frisco, Colorado 80443."  *Id.*  Because Plaintiff is a homeowner's association tied to property located in

2

Summit County, Colorado, it is Phoenix's information and belief that Frisco intends to remain in Colorado and is thus domiciled in Colorado for purposes of diversity jurisdiction.

7.      Defendant is a foreign corporation organized under the laws of Connecticut with its principal place of business located in Hartford, Connecticut. *See* Colorado Secretary of State Summary attached as **Exhibit I.**  With respect to corporations, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c)(1).

8.      As Plaintiff is a citizen of Colorado, and Defendant is a citizen of Connecticut, there is complete diversity of citizenship among the parties.  28 U.S.C. § 1332.

## AMOUNT IN CONTROVERSY

9.      To meet the jurisdictional requirement under 28 U.S.C. § 1332, Defendant must establish that Plaintiff's damages could exceed $75,000.00 exclusive of interest and costs.  "The amount in controversy is not proof of the amount the plaintiff will recover.  Rather it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail*, 529 F.3d at 956.

10.      The Civil Cover Sheet filed with Plaintiff's Complaint indicates that Plaintiff seeks a monetary judgment in excess of $100,000. **Exhibit A**, Civil Cover Sheet. *See Paros Properties LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-1273 (10th Cir. 2016) (civil cover sheet sufficient to demonstrate amount in controversy). Based on the foregoing, this Court has jurisdiction over this action under 28 U.S.C. § 1332(a), because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

3

11.    Based on the foregoing, this Court has jurisdiction over this action under 28 U.S.C. § 1332, because there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.  Accordingly, the above-entitled action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## ALL PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN ESTABLISHED

12.    Pursuant to D.C.COLO.L.Civ.R. 81.1, Phoenix Insurance Company certifies that no motions are pending, and no hearings have been set in the State Case as of this date.

13.    Pursuant to Fed. R. Civ. P. 81(c), Phoenix Insurance Company will file a responsive pleading on or before the time prescribed therein, and specifically reserves the right to assert all defenses, including those defenses under Fed. R. Civ. P. 12(b).

14.    In accordance with 28 U.S.C. § 1446(d), a Notice of Removal will be promptly filed with the District Court for Summit County, Colorado where this action was originally filed, and copies of the Notices of Removal are being served upon Plaintiff's counsel.

15.    If any questions arise as to the propriety of the removal action, Phoenix Insurance Company respectfully requests the opportunity to present brief oral argument in support of its position that this case is removable.

## CONCLUSION

Based on the foregoing, Phoenix Insurance Company has demonstrated that removal of this matter to the U.S. District Court for the District of Colorado is proper because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Phoenix Insurance Company states that no waiver and no admission

of fact, law, or liability, including without limitation the amount of damages, if any, is intended by this Notice of Removal, and all defenses, affirmative defenses, and rights are hereby reserved.

WHEREFORE, Defendant Phoenix Insurance Company respectfully requests that this Court accept its Notice of Removal and assume jurisdiction over this action, and issue such further orders and processes as may be necessary.

Respectfully submitted this 28th day of April, 2025.

CLYDE & CO US LLP

*/s/  Jeri J. Wettestad*
Jeri J. Wettestad, Esq.
1099 18th Street, Suite 2220
Denver, CO 80202
Telephone: (303) 301-8950
Facsimile: (303) 301-8974
Jeri.Wettestad@clydeco.us

Amy M. Samberg, Esq.
1 North Central Avenue, Suite 1030
Phoenix, AZ 85004
Telephone: (480) 746-4580
Facsimile: (480) 746-4556
Amy.Samberg@clydeco.us

**Attorneys for Defendant Phoenix Insurance Company**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that, on April 28, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Stephen C. Robin, Esq.
Christopher R. Mosley, Esq.
REED SMITH, LLP
1400 Wewatta Street, Suite 250
Denver, CO 80202
srobin@reedsmith.com
cmosley@reedsmith.com

Benjamin R. Fliegel, Esq. (*PHV pending)*
Katie Goetz, Esq. *(PHV pending)*
REED SMITH, LLP
515 S. Flower Street, Suite 4300
Los Angeles, CA 90071
bfliegel@reedsmith.com
kgoetz@reedsmith.com
***Attorneys for Plaintiff***

*/s/ Brenda Uran*
Brenda Uran